## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**ANTHONY BYARS,**
        **Petitioner,**

**v.**
                              **Civil Action No. 2:05cv53**
                              **(JUDGE MAXWELL)**

**U.S. PAROLE COMMISSION and**
**K.J. WENDT, Warden,**
        **Respondent.**

## REPORT AND RECOMMENDATION

On July 7, 2005, the *pro se* petitioner, Anthony Byars, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. The petitioner is an inmate at the Gilmer Federal Correctional Institution in Glenville, West Virginia. In the petition, the petitioner challenges the U.S. Parole Commission's decision to deny him parole and conduct a reconsideration hearing in June 2007. On October 28, 2005, the respondents filed their Response to Petition for Writ of Habeas Corpus.

This matter, before the undersigned for a Report and Recommendation pursuant to LR PL P 83.09, et seq., is ripe for review.

## I. FACTUAL AND PROCEDURAL HISTORY

On June 19, 2001, the Superior Court of the District of Columbia sentenced the petitioner to an aggregate prison term of seventy-three years based on the following: (1) sixteen years for first degree burglary and simple assault; (2) forty-two years for first degree burglary while armed and armed robbery; and (3) fifteen years for the offense of first degree burglary. (Doc. 11-3. pp 1-3).

On July 18, 2001, a hearing examiner for the U.S. Parole Commission conducted petitioner's parole hearing. At the time of the hearing, the petitioner had served 196 months of his sentence. (Doc. 11-4, p.3). In his hearing summary, the hearing examiner noted that a progress report, dated

April 15, 2001, was not in the file at the time of the pre-review. That report showed fifteen incident reports which were then covered at the hearing. Thirteen of the reports were rated as administrative violations. According to the hearing examiner's summary, the petitioner tended to minimize his guilt but acknowledged that he had confrontations with the staff. Two of the fifteen reports were rated as new criminal conduct, a Category IV severity for making threats to kill or assault staff. The first occurred on March 25, 1988, when it was reported he got into a confrontation with a staff member and told the person he was going to assault him. In response to the hearing examiner's inquiry, the petitioner denied that the incident happened that way and also claimed that he did not know the officer was going to write him up. In the hearing examiner's opinion, the petitioner greatly minimized the seriousness of the incident. The second criminal conduct offense occurred on October 11, 1996, when the petitioner got into a confrontation with a female staff member and said: "I'll stick a knife in you the next time I see you." In discussing this incident with the hearing examiner, the petitioner stated that it did not happen this way. He offered little in the way of explanation but claimed he was unfairly accused of doing this. (Doc. 11-4, pp. 1-2). On July 31, 2001, the hearing examiner issued his overall evaluation and recommendation which indicated that when the petitioner reached his preliminary eligibility date he would have served 204 months and currently had served 196 months. Assigning a guideline range of 268-318 months, the hearing examiner recommended that he be denied parole and receive a three year set off. (Doc. 11-4, p.3).

On October 15, 2001, the Commission issued its decision. Adopting the recommendations of the hearing examiner, the Commission denied parole and continued petitioner to a Three Year Reconsideration hearing in July 2004, after the service of thirty-six months from his hearing date of July 18, 2001. (Doc 11-6, p.1).

On June 29, 2004, a hearing examiner for the Commission conducted the petitioner's

reconsideration hearing. Because the petitioner had completed several programs since his last hearing in July of 2001, the hearing examiner recommended a reduction for superior program achievement. However, because the petitioner had done very little to establish a vocational trade and/or complete any sex offender type programming, the hearing examiner only awarded a six month reduction for the numerous programs he had completed. The hearing examiner then found that the petitioner's recalculated guideline range stood at 262-312 months, and that he had served approximately 232 months as of June 19, 2004. Accordingly, the hearing examiner recommended that the petitioner be denied parole and continue to a Three Year Reconsideration Hearing in June 2007 after the service of an additional thirty-six months. (Doc. 11-7, pp. 2-3).

On July 15, 2004, an executive reviewer disagreed with the hearing examiner. Specifically, he disagreed that the petitioner's level of programming was superior, and therefore, recommended no reduction for program achievement. He recommended that the guidelines remain at 268-318 months, as established by the October 15, 2001 Commission decision, but concurred with the hearing examiner's recommendation for a reconsideration hearing in June 2007. (Doc. 11-7, p.3).

On July 27, 2004, the Commission issued its decision. The Commission did not make any adjustments to the petitioner's guideline range of 268-318 months as found in its October 15, 2001 decision and denied him parole. In addition, the Commission continued him to a Three Year Reconsideration Hearing in June 2007. (Doc. 11-8, p.1).

On June 20, 2005, the U.S. Attorney's Office for the District of Columbia notified the Commission that the petitioner had not been convicted of attempted theft, an offense which had been used to calculate petitioner's salient factor score.[1] (Doc. 11-9). Based on previous misinformation

---

[1]The salient factor score is determined by the following factors: (1) the number of prior convictions/adjudications; (2) the number of prior commitments of more than 30 days; (3) the

that the petitioner had been convicted of two prior offenses, shoplifting and attempted theft, the Commission had given him a 1 for prior convictions as part of his salient factor score. Therefore, on June 22, 2005, the Commission modified its decision issued on July 27, 2004. Based upon the information that the petitioner had been convicted of only one offense prior to his current confinement, the Commission changed that portion of his salient factor score from a 1 to a 2 and his total salient factor score changed from 2 to 4.[2] Therefore, the petitioner's guidelines were recalculated as 249 to 293 months. However, although the Commission recalculated the guideline range, it did not change its decision to continue petitioner for a Three Year Reconsideration Hearing in June 2007, when the petitioner will have served 267 months, which is within the newly calculated guidelines. (Doc. 11-10).

## II. CLAIMS OF PETITION

1. The Commission improperly calculated his salient factor score by considering an offense for which he was not convicted.

2. The initial hearing examiner erred in considering disciplinary reports that were not previously disclosed and which were false.

## III. ANALYSIS

On August 5, 1998, the Commission obtained jurisdiction of D.C. Code offenders to grant

---

inmate's age at commencement of the current offense/prior commitment of more than 30 days; (4) the length of recent commitment free period; (5) whether the inmate was on probation/parole/confinement/escape status at the time of the current offense; and (6) whether the inmate was 41 years of age or more at the commencement of the current offense.

[2]A prisoner can score from one to ten. The higher the score, the better the prospects for success if released on parole. See 28 C.F.R. § 2.20 Salient Factor Score Manual.

4

and deny parole through the National Capital Revitalization and Self-Government Improvement Act of 1997, Pub. L. No. 105-33, §11231(a)(1), 111 Stat. 712, 745, D.C. Code §24-1231(a)("Revitalization Act."). See also Franklin v. District of Columbia, 163 F.3d 625, 632 (D.C. Cir.1998). Effective August 5, 2000, the Commission was given the responsibility of supervising parolees and revoking parole. §11231(a)(2) of the Act codified at D.C. Code §24-131(a)(2). The Revitalization Act provided that the Parole Commission was to follow the parole law and regulations of the District of Columbia, but also granted the Commission "exclusive authority to amend or supplement any regulation interpreting or implementing the parole laws of the District of Columbia with respect to felons." D.C. Code Ann. § 24-131(a)(1); Simmons v. Shearin, 295 F.Supp.2d 599, 602 (D.Md.2003).

Subsequently, the Commission established amendments and revisions to the 1987 guidelines of the D.C. Board of Parole, which had remained in effect until August 5, 1998. See 28 C.F.R. §2.70, et. seq. On July 21, 1998, the Commission's amended version of the parole rules and guidelines were published in the Federal Register at 63 FR 39172 and are found at 28 C.F.R. §2.70 et. seq. The Commission's decision-making guidelines are found at 28 C.F.R. §2.80.

## A. **Ground One**

The petitioner's first claim is that the Commission improperly calculated his salient factor score by including an offense for which he was not convicted. That claim has been rendered moot by the Commission's Notice of Action dated June 22, 2005. As indicated above, the Commission did originally assign the petitioner a 1 for prior convictions, based on its mistaken belief that he had two prior convictions. However, upon being notified that the petitioner had only one prior conviction, the Commission properly assigned him a 2 as required by the Salient

5

Factor Score (SFS-98).[3]  Accordingly, the petitioner has already received the relief that could be granted based on his first claim.

Furthermore, upon correcting the petitioner's Salient Factor Score, the Commission's decision to continue its denial of parole and conduct a reconsideration hearing in June 2007, does not constitute a basis for granting the petitioner's §2255 motion.  The decision to deny parole is committed to the Commission's discretion and is not subject to judicial review.  As the Fourth Circuit has held:  judicial review of Parole Commission decisions to grant or deny parole is limited to whether the Commission complied with the applicable statute or rule, and may not extend to the decision itself.  Garcia v. Naegle, 660 F.2d 893, 989 (4th Cir. 1981).

In petitioner's case, after correcting the Salient Factor Score, the Commission recalculated his parole guidelines as 249 to 293 months.  When the Commission conducts its hearing in June 2007, petitioner will not have served more time than is indicated by the parole guidelines.  Therefore, the Commission has complied with the applicable statute and regulations, and. there is no basis for this Court to review the decision.

**B. Ground Two**

The petitioner's second claim is the first hearing examiner, and by adoption of his recommendation, the Commission erred in considering disciplinary reports prepared by corrections officials.  This claim is also without merit.

In making a parole decision for federal prisoners, the Commission may consider official reports of the prisoner's prior record, reports from the staff of the facility where the prisoner is

---

[3]Part A of the Salient Factor Score deals with prior convictions.  No convictions results in a score of 3; one conviction results in a score of 2; two or three convictions results in a score of 1; and four or more convictions results in a score of 0.

confined, and any other relevant information concerning the prisoner that is reasonable available. See 18 U.S.C. §4207. Furthermore, in calculating the range of guidelines that a prisoner sentenced under the D.C. Code must serve, the Commission may consider a progress report prepared by the institution where the prisoner is incarcerated, which provides a summary of the disciplinary infractions committed by the prisoner. A prisoner's institutional record, whether good or bad, is relevant to determining whether he or she will be able to live in the community without committing additional crimes and whether his or her release will be compatible with the welfare of society. See D.C. Code §24-404, Hall v. Henderson, 672 A.2d 1047, 1055 (D.C. 1996)(upholding D.C. Parole Board's decision to exceed the parole guidelines based upon negative institutional behavior). Finally, in determining parole guidelines, the Commission's regulations permit it to take into account "any substantial information available to it provided the prisoner is apprised of the information and afforded an opportunity to respond." See 28 C.F.R. §2.19(c).

Here, the progress report containing the list of disciplinary infractions committed by the petitioner was reviewed by him on May 5, 2001. (Doc. 11-5). Accordingly, the petitioner was given the information prior to the July 18, 2001 hearing. In addition, the hearing examiner discussed the reports with the petitioner at the hearing and afforded him the opportunity to respond to the reports. While minimizing his guilt, the petitioner "reluctantly acknowledged that he had confrontations with the staff." (Doc. 11-4, p.2). However, the petitioner disputed three of the infractions. (Doc. 11-4, P. 2). After the hearing examiner discussed the progress reports with the petitioner, he concluded that petitioner had committed all fifteen of the fifteen disciplinary infractions contained in the report. If there is a dispute concerning the accuracy of information that is part of the Commission's consideration, the dispute is to be resolved by the preponderance

7

of the evidence, see 28 C.F.R. §2.19(c), and the Commission's determination as to the credibility of the progress report is not subject to review except for statutory, regulatory or constitutional violations. Garcia, supra at 988. Inasmuch as there is no evidence that the Commission exceeded its authority, the petitioner's second claim should also be dismissed.

## IV. RECOMMENDATION.

Based on the foregoing, the undersigned recommends that the petitioner's §2241 petition be **DENIED** and **DISMISSED WITH PREJUDICE**.

Any party may file, within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the pro se petitioner and any counsel of record.

DATED: *April 17, 2006*

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE