IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**ANTHONY BYARS,**

    **Petitioner,**

v.                                                                                                     **2:05 CV 53**
                                                                                                   **(Maxwell)**

**U.S. PAROLE COMMISSION and
K.J. WENDT, Warden,**

    **Respondents.**

## ORDER

It will be recalled that on July 7, 2005, *pro se* Petitioner Anthony Byars, an inmate at the Gilmer Federal Correctional Institution in Glenville, West Virginia, instituted the above-styled civil action by filing a Petition for Writ of *Habeas Corpus* pursuant to 28 U.S.C. § 2241.

It will further be recalled that the case was referred to United States Magistrate Judge John S. Kaull in accordance with Rule 83.09 of the Local Rules of Prisoner Litigation Procedure.

Finally, it will be recalled that, by Order entered August 26, 2005, Magistrate Judge Kaull found that summary dismissal of the Petition was not warranted and directed the Respondents to show cause why a writ should not be granted. The Respondents' Response To Petition For Writ Of *Habeas Corpus* was filed on October 28, 2005.

On April 17, 2006, United States Magistrate Judge John S. Kaull issued a Report And Recommendation wherein he recommended that the Petitioner's § 2241 Petition be denied and dismissed with prejudice.

In his Report And Recommendation, Magistrate Judge Kaull provided both parties

with ten (10) days from the date of said Report And Recommendation in which to file objections thereto and advised the parties that a failure to timely file objections would result in the waiver of their right to appeal from a judgment of this Court based upon said Report And Recommendation.

On April 26, 2006, a Motion To Objections To The Reconsideration was filed by the Petitioner (See Docket No. 13). The Petitioner's Motion To Objections To The Reconsideration did not raise any issues that were not thoroughly considered by Magistrate Judge Kaull in his Report And Recommendation.

Thereafter, on June 15, 2006, the Petitioner filed a Supplemental Brief In Support Of Motion To Re-Open And Reconsideration Pursuant To Federal Rules Of Civil Rule 15(D). On July 5, 2006, a Response To Supplemental Brief In Support Of Motion To Re-Open And Reconsideration Pursuant To Federal Rules Of Civil Procedure 15(D) was filed by the Respondents. The Petitioner's Reply To Response To Supplemental Brief In Support of Motion To Re-open And Reconsideration Pursuant to Federal Rules of Civil Procedure 15(D) was filed on July 13, 2006. Finally, on September 28, 2006, a Supplemental Brief In Support Of Petitioner's Reply To Response To Supplemental Brief In Support Of Motion To Re-Open And Reconsider Pursuant To Rule 15(D) Of The F.R.C.P. was filed by the Petitioner.

Upon an independent *de novo* consideration of all matters now before the Court, it appears to the Court that the issues raised by the Petitioner in his § 2241 Petition were thoroughly considered by Magistrate Judge Kaull in his Report And Recommendation. Furthermore, upon consideration of the Petitioner's Motion To Objections To The Reconsideration, it appears to the Court that the Petitioner has not

raised any issues that were not thoroughly considered by Magistrate Judge Kaull in said Report And Recommendation. Moreover, the Court, upon an independent *de novo* consideration of all matters now before it, is of the opinion that Magistrate Judge Kaull's Report and Recommendation accurately reflects the law applicable to the facts and circumstances before the Court in the above-styled civil rights action.

Finally, the Court agrees with counsel for the Respondents that the Petitioner's Supplemental Brief In Support Of Motion To Re-Open And Reconsideration Pursuant To Federal Rules Of Civil Procedure 15(D) was not timely filed. The Court further agrees with counsel for the Respondents that the Petitioner has, in his Supplemental Brief, raised new issues concerning the computation of his salient factor score which were not raised by him in his § 2241 Petition. In this regard, it will be recalled that the only challenge to the computation of the Petitioner's salient factor score set forth in his § 2241 Petition concerned the erroneous counting by the U.S. Parole Commission of a conviction dated April 17, 1984. As recognized by Magistrate Judge Kaull in his Report And Recommendation, this error was subsequently corrected by the Commission, thus rendering this issue moot. In his Supplemental Brief, on the other hand, the Petitioner asserts that the U.S. Parole Commission considers him a probation violator; disputes his age at the time he committed the offense; and claims that he was not on probation when he committed the offense conduct. As noted by the Respondents in their Response To Supplemental Brief In Support Of Motion To Re-Open And Reconsideration Pursuant To Federal Rules Of Civil Procedure 15(D), none of the new claims raised by the Petitioner have any merit.

On June 19, 2001, the Superior Court of the District of Columbia sentenced the

Petitioner to an aggregate prison term of seventy-three years based on the following three separate offenses: (1) sixteen years for first degree burglary and simple assault; (2) forty-two years for first degree burglary while armed and armed robbery; and (3) fifteen years for first degree burglary. The first of the aforementioned three offenses was committed on December 25, 1984; the second was committed on January 22, 1985; and the third was committed on August 6, 1983. *See* Exhibit A to Docket No. 11. As noted by the Respondents, the Petitioner does not dispute that he was convicted of shoplifting and sentenced on November 10, 1984, to ninety days (forty-five days suspended) and one year probation. *See* Supplemental Exhibit A to Docket No. 15. Accordingly, when the Petitioner committed the first degree burglary and simple assault on December 25, 1984, he was on probation for the aforementioned shoplifting conviction. Finally, it is clear that when the Petitioner committed the first degree burglary on August 6, 1983, he was seventeen years old. In this regard, the D.C. Initial Prehearing Assessment attached to the Respondents' Response To Supplemental Brief In Support Of Motion To Re-Open And Reconsideration Pursuant To Federal Rules Of Civil Procedure 15(d) as Supplemental Exhibit A indicates that the Petitioner was born in 1965. Accordingly, the Petitioner's individual item scores and the total salient factor scores are correct.

Accordingly, it is

**ORDERED** that the Report And Recommendation entered by United States Magistrate Judge John S. Kaull on April 17, 2006, be, and the same is hereby, **ACCEPTED** in whole and this civil action be disposed of in accordance with the recommendation of the Magistrate Judge. Accordingly, it is

**ORDERED** that the Petitioner's Petition for Writ of *Habeas Corpus* pursuant to 28 U.S.C. § 2241 (Docket No. 1) be, and the same is hereby, **DENIED** and **DISMISSED**, **with prejudice**, and **STRICKEN** from the Court's docket. It is further

**ORDERED** that, to the extent the Petitioner's Objections to the Magistrate Judge Kaull's April 17, 2006, Report And Recommendation have been docketed as a Motion (*See* Docket No. 13), the same be and is hereby, **DENIED**. It is further

**ORDERED** that the Clerk of Court shall enter judgment for the Respondents. It is further

**ORDERED** that, should the Petitioner desire to appeal the decision of this Court, written notice of appeal must be received by the Clerk of this Court within thirty (30) days from the date of the entry of the Judgment Order, pursuant to Rule 4 of the Federal Rules of Appellate Procedure. The $5.00 filing fee for the notice of appeal and the $250.00 docketing fee should also be submitted with the notice of appeal. In the alternative, at the time the notice of appeal is submitted, the Petitioner may, in accordance with the provisions of Rule 24(a) of the Federal Rules of Appellate Procedure, seek leave to proceed *in forma pauperis* from the United States Court Of Appeals For The Fourth Circuit.

The Clerk of Court is directed to transmit a copy of this Order to the *pro se* Petitioner and to counsel for the Respondents.

**ENTER:** March 29, 2007

_____
United States District Judge